## LIABILITY FOR FRAUDULENT REPRESENTATIONS BY PROMOTERS.

Circuit Court of Lorain County.

ARTHUR CHAMPNEY, HARRY R. EDWARDS, LOUIS SCHNEURER AND J. W. ROOF v. LEONORA A. BRAUN.

Decided, July 1, 1912.

*Corporations—Fraud—Trial—All Promoters of a Corporation Liable for Fraudulent Representations of One of Their Number—Latitude Allowed Attorney in Argument.*

1. Where several persons engage in business jointly, and, to facilitate such business, use a corporate name and issue stock, and in the promotion of the scheme, false representations are made by those holding themselves out as promoters and managers of the business as to material facts of inducement and as to matters peculiarly within the knowledge of all the associates or their agents, all those engaged in the promotion of the business as associates of those making false representations are liable to those, who, relying upon such representations, purchased stock to their injury.

2. Every argument has for its aim the convincing of the jury of the justice of the cause of action or defense advocated by counsel, and considerable liberality should be allowed counsel in drawing inferences and even in indulgence in invective, where there is any support thereof in the evidence.

*H. G. Redington* and *Q. A. Gillmore,* for plaintiff in error.
*Webber & Metcalf,* contra.

NIMAN, J.; MARVIN, J., and WINCH, J., concur.

The defendant in error was plaintiff, and the plaintiffs in error were defendants, in the court of common pleas.

In the original action, the plaintiff recovered a verdict against the defendants on which judgment was duly entered after the overruling of the defendants' motion for a new trial.

By this proceeding the plaintiffs in error seek a reversal of the judgment rendered against them in the court below.

The plaintiff's cause of action was for the recovery of damages for alleged false and fraudulent representations made by A.

R. Champney, one of the defendants, claimed to have been acting not only for himself, but for the other defendants, whereby the plaintiff was induced to subscribe for one thousand dollars of the capital stock of a proposed corporation, the Liquid Force Company, and to pay for the same the full face value, upon the subsequent organization of the corporation.

The organization of the Liquid Force Company seems to have had its inception at a meeting held in June, 1908, in the city of Cleveland, at which the four plaintiffs in error and W. L. Hills, who had been manager of the Moxie Company, of New York, were present. The plaintiffs in error were the owners of all the stock of the A. R. Champney Company, located at Elyria, Ohio. This company was manufacturing and selling, as one of the lines of its business, a soft drink called "liquid force." At the meeting referred to there was some conversation between those present about organizing a new corporation to take over the business of the making of liquid force, and apparently some understanding was reached looking to the organization of such a corporation. The testimony of the various witnesses, who were questioned about the conversation that took place, was not very specific, but it is clear that some arrangement was made providing for the character of the organization of the proposed corporation and the terms of the transfer of the rights of the A. R. Champney Company in liquid force to the proposed corporation, because subsequent to this meeting a subscription contract was prepared embodying a prospectus of the new corporation, and specifying the terms on which it was to acquire from the A. R. Champney Company the rights of that company in liquid force. Various persons, including the defendant in error, signed this subscription contract.

On the 14th day of July, 1908, the plaintiffs in error and a daughter of one of them, met at Elyria and signed articles of incorporation of the Liquid Force Company which were filed in the office of the Secretary of State on the 21st day of September, 1908.

The false and fraudulent representations claimed to have been made to the plaintiff below by the defendant, A. R. Champney, on which were based her right to recover were:

That the liquid force department of the A. R. Champney Company had, for a year previous to the time plaintiff subscribed for the stock, paid a dividend of 33%; that for the year previous to the time of her signing the subscription list, the A. R. Champney Company had done between $25,000 and $30,000 worth of business in liquid force alone; that the business of liquid force had been fully advertised and needed no further advertising, but sold on its merits; that the secret formula and good will and trade mark of the liquid force business were worth $150,000.

At the conclusion of the plaintiff's testimony in the court below the defendants made a motion to arrest the testimony and instruct a verdict for the defendants. It is contended here that this motion should have been granted, and the contention requires a determination of the question whether any evidence was introduced by the plaintiff tending to sustain her right to recovery.

Liability of those who engage in the promotion of a corporation, for fraudulent representations, is stated in *Thompson on Corporations*, 2d Ed., Section 727, in the following language:

"It is made very clear by the authorities that promoters are liable for their frauds in obtaining subscriptions to the capital stock of the proposed corporation. It matters not what form the fraud assumed, if it was sufficient to influence the subscriber. The fraud of promoters in securing subscriptions may consist in representations as to the value of the property and as to the method of organization of the proposed corporation."

The representations complained of by the plaintiff in error in her petition in the court below are of such a character as to furnish the foundation for a recovery, provided they were false, and the party making them knew them to be false, or made them recklessly, without knowledge of their truth or falsity, and provided, further, plaintiff relied upon such statements and was damaged thereby.

As to the defendant, A. R. Champney, there can be no question raised as to the evidence having been sufficient to have required a submission of the case to the jury.

It is not claimed that the other three defendants below, themselves, made any of the representations relied upon by the plaintiff to sustain a recovery, and the question remains to be determined whether these three defendants can be held for the representations made by the defendant, A. R. Champney.

The petition charged a conspiracy between the four defendants; but the charge of conspiracy was abandoned and, in the charge of the court, the jury were told that if they should find from the evidence, by a preponderance thereof, that all the defendants were the promoters of the Liquid Force Company and that Champney as one of the promoters thereof, before the organization thereof and in furtherance of the promotion, organization and financing of the corporation, made false and fraudulent representations to the plaintiff for the purpose of inducing her to subscribe to the capital stock, knowing the same to be false, or recklessly making them, without any knowledge as to their truthfulness, and plaintiff, relying on such representations, was induced to and did subscribe for such stock and paid one thousand dollars therefor, which has become wholly lost to her, and she would not have so subscribed or paid her money for the stock but for such representations, then their verdict should be for the plaintiff against all of the defendants.

In *Hornblower* v. *Crandall*, 7 Mo. App., 220, the liability of those who engage in the joint enterprise of organizing a corporation on account of the false representations of one of those engaging in the joint enterprise, was considered and it was there held, quoting from the syllabus:

"Where several persons engage in business jointly, and, to facilitate such business, use a corporate name and issue stock, and in the promotion of the scheme, false representations are made by those holding themselves out as promoters and managers of the business as to material facts of inducement and as to matters peculiarly within the knowledge of all the associates or their agents, all those engaged in the promotion of the business as associates of those making false representations are liable to those who, relying upon such representations, purchased stock to their hurt.

"That one of the associates, thus connected, is ignorant of the details of the business, will not avail him where he had the

means of knowing, but trusted to his associates, and where he, with the others, received the benefit of the wrongdoing.''

There was evidence here tending to prove that all of the defendants were engaged in the joint business of organizing the Liquid Force Company and that the sale of stock was intrusted to the defendant, A. R. Champney, and the evidence is undisputed that all four of the defendants signed the articles of incorporation and became the beneficiaries, indirectly at least, of the subscriptions secured by Champney, including that of the plaintiff. There being evidence produced by the plaintiff tending to prove a state of facts which would render all of the defendants liable, the case was properly submitted to the jury to determine whether such state of facts had been established by the required degree of proof and the trial court committed no error in refusing to arrest the testimony from the jury and direct a verdict for the defendant. *Thompson on Corporations,* 2d Ed., Section 114.

It is argued that the verdict is not sustained by sufficient evidence, but, in our opinion, the verdict is not so manifestly against the evidence as to justify us in interfering with the result reached by the jury who heard all the evidence in the case and had an opportunity of seeing the witnesses and determining their credibility.

It is contended that the court below committed error in permitting the trial to proceed upon the theory of conspiracy as stated in the petition and admitting certain testimony which would be competent in support of a charge of conspiracy, but not competent upon any other theory, and then eliminating from the case, in his charge to the jury, the question of conspiracy, without also taking from the jury the evidence admitted in support of the conspiracy charge.

An examination of the evidence discloses nothing prejudicial to the defendants in the admission of evidence of the kind referred to, except that relating to statements made by Champney to Eugene Sites and the conversation that took place with reference thereto between Champney and Hills. The testimony of Hills on this subject was, however, withdrawn from the consideration of the jury and no complaint can therefore be made of

this matter. It is argued that the court should have expressly indicated to the jury that the cause of action based upon a charge of conspiracy was not the one upon which they were to pass. The allegations in the petition on the subject of conspiracy may be treated as surplusage and the cause of action there stated remains as one for recovery of damages on account of fraudulent representations.

The court in his charge apparently so treated the plaintiff's cause of action and charged the jury properly on the law by which the defendants were to be held liable, if at all. This, by necessary implication, rejected any other cause of action and withdrew the same from the consideration of the jury. If the defendants desired more specific instructions on this subject they should have submitted a request to charge.

Numerous exceptions were taken by the defendants during the course of the trial to the admission of evidence on behalf of the plaintiff and the rejection of evidence offered on their own behalf. We have examined these exceptions and, without indicating our opinion as to each one separately, the number being so great as to render this impracticable within the limits of an opinion, we have reached the conclusion that the court committed no error prejudicial to the defendants in rulings on evidence.

The plaintiffs in error complain of the special requests to charge before argument given on behalf of the plaintiff below and contend that these requests do not correctly state the law applicable to the case before the jury.

In our opinion, however, these requests embodied well settled principles of law and were appropriate to the facts in evidence and the trial court committed no error in giving the charges requested.

In the general charge, the court said:

"In order to recover for the alleged false representations made by the defendants, plaintiff must show that she was induced to make the purchase relying solely upon the false representations of the defendants, which she relied upon, and certain other information received from some other source. If it appears that the plaintiff did not trust the false statements, but acted alone upon information received from other sources, the jury should find for the defendants."

It is argued that this part of the charge left the jury to find in plaintiff's behalf if she not only believed that which Champney said to her, but also was influenced by other statements which she may have received from other sources without even the knowledge of Champney. While the first sentence of this part of the charge is somewhat obscure and is certainly awkwardly worded, we think the second sentence remedies any possible prejudice that may have resulted from the other. In the second sentence, the jury are told that if it appears that the plaintiff did not trust the false statements, but acted alone upon information received from other sources, it should find for the defendants. It is a well recognized rule that all parts of a charge must be considered together and, applying this principle, it seems clear that the court did not err in this part of the charge complained of.

The plaintiffs in error also complain of other portions of the charge in which the liability of the promoters of a corporation for the false representations of one of their number is stated and defined.

We have already indicated our views of the law on this subject and it is sufficient to say again that in our opinion the court committed no error in charging the jury on this subject. We are supported in this view by a recent case decided by the Court of Appeals of New York, *Downey* v. *Finucane,* 205 N. Y., 251. Quoting from the syllabus:

"The promoter of a company, whether he be a director or not, who knowingly issues or sanctions the circulation of a false prospectus containing untrue statements of material facts naturally tending to mislead and to induce the public to purchase its stock or other securities, is responsible to those who are injured thereby. Where there are a number of such promoters all the co-adventurers are liable in damages for the fraud of an agent employed by them to effect the sale of the corporate securities, without reference to their own moral guilt or innocence."

It is contended on behalf of the plaintiffs in error that counsel for the plaintiff below, in his argument to the jury, was guilty of misconduct. The argument objected to is set forth in the bill of exceptions, but the arguments of other counsel in the case are not before us. While it is apparent that a very generous latitude

was allowed counsel for plaintiff by the trial court in the making of his argument to the jury, we do not think that there is anything in the argument that would justify a reversal of the judgment rendered in the court below. The defendants were represented by able counsel who undoubtedly presented the defense of their clients in a thorough and vigorous manner, Some parts of the argument to which the exceptions were taken were apparently called forth by statements or arguments of opposing counsel. Every argument has for its aim the convincing of the jury of the justice of the cause of action or defense advocated by counsel and considerable liberality should be allowed counsel in drawing inferences and even in indulgence in invective, where there is any support thereof in the evidence.

We can not see that there was any error committed by the trial court in permitting counsel for plaintiff to make the argument complained of.

It is claimed on behalf of the plaintiff in error that the court erred in the forms of verdict submitted to the jury. No requests for any different forms were made, however, and no error can be said to exist on this account. Moreover, the fact that the jury found for the plaintiff against all the defendants indicates clearly that any additional forms of verdict submitted would not have been resorted to by the jury.

A careful examination of all the errors assigned leads us to the conclusion that no error prejudicial to the plaintiffs in error was committed, and the judgment is, therefore, affirmed.